(December 7, 1999)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS SPENCER, Also Known as SHELDON SUMMERS, Appellant. [701 NYS2d 1] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7 to 14 years and 3 to 6 years, respectively, and judgment, same court (Micki Scherer, J.), rendered July 8, 1996, convicting defendant, upon his plea of guilty, of bail jumping in the first degree, and sentencing him, as a second felony offender, to a concurrent term of 2 to 4 years, unanimously affirmed.

Defendant's contention that the court's accomplice corroboration charge misled the jury as to whether the corroboration requirement applied to each of the crimes charged is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge, read as a whole, clearly informed the jury that they were required to find independent evidence connecting defendant to each crime charged.

Defendant was properly tried in absentia. By absconding af-

ter being told that his case was on trial and that he was to return the next day for jury selection, defendant forfeited his right to be present at trial (*see, People v Sanchez,* 65 NY2d 436). This forfeiture applied to his ultimate trial held five months after his disappearance where the record established that defendant fled to a foreign country with no intention of returning and hid his identity so as to avoid apprehension.

We perceive no abuse of sentencing discretion. Concur— Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.